IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION

| | |
|---|---|
| THOMAS J. DUNCAN, § | |
| § | |
| *Plaintiff,* § | Case No. 7:25-CV-394 |
| § | |
| v. § | |
| § | |
| GRIDHAWK LLC and § | |
| LINEQUEST LLC, § | |
| § | |
| *Defendants.* § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that GridHawk LLC ("GridHawk") and LineQuest LLC ("LineQuest") (collectively, "Defendants") hereby remove this action from the District Court of Midland County, Texas, to the United States District Court for the Western District of Texas, Midland Division, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446:

**I.   Background**

1.   This matter was commenced on July 22, 2025, when Plaintiff Thomas J. Duncan ("Plaintiff"), filed his Original Petition in the 142nd District Court of Midland County, Texas, docketed as Case No. DCV-25-01409 against Defendants ("State Court Action").

2.   In this action, Plaintiff asserts purported causes of action for alleged employment retaliation for reporting workplace hazards to OSHA. Such causes of action are governed by OSHA's anti-retaliation statute, 29 U.S.C. § 660(c).

3.   Defendant LineQuest received service of the Original Petition on or about

August 8, 2025.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Original Petition and papers served on Defendant LineQuest are attached hereto as **Exhibit A**.

5. Plaintiff also filed an "Amended Original Petition – Additional Claims" in the State Court Action ("Amended Petition"). A copy of the Amended Petition is attached as **Exhibit B**.

6. Copies of other pleadings or papers filed in the State Court Action are attached as **Exhibit C**.

## II. This Notice or Removal is Timely Filed in the Proper Venue.

7. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

8. The Notice of Removal is timely under 28 U.S.C. § 1332 and 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days after any Defendant first received service of the Original Petition.

9. Venue is proper in the United States District Court for the Western District of Texas, Midland Division, as this is the "district and division embracing the place where [this] action is pending." 28 U.S.C. § 1441(a). The litigation is pending in the District Court of Midland County, Texas. As such, this is the correct venue to which the matter should be removed. 28 U.S.C. § 124(7).

10. Defendants are entitled to remove this entire action from the District Court of

Midland County, Texas, to the United States District Court, Western District of Texas, Midland Division.

### III.   This Court Has Federal Question Jurisdiction.

8.   Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  This Court has original jurisdiction here pursuant to 28 U.S.C. § 1331 because Plaintiff's State Court Action presents a question of federal law for alleged OSHA violations.  *See* Pet., Ex. A,¶¶ 12-13; Amend. Pet., Ex. B. ¶23 (alleging "retaliation in violation of . . . federal whistleblower protections"); *see* Occupational Safety and Health Act, Section 11(C), 29 U.S.C. § 660(c).

9.   Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  A federal question appears on the face of Plaintiff's Original Petition and Amended Petition, and his claims in the State Court Action "arise under" federal law.

10.   Further, to the extent Plaintiff alleges statutory, state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claim under federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

11. Thus, because some of Plaintiff's claims arise under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a)-(c).

## IV. Remaining Procedural Requirements

12. Pursuant to 28 U.S.C. § 1441(c), a copy of this removal will be filed concurrently with the District Court of Midland County, Texas, and served upon the Plaintiff.

13. Pursuant to 28 U.S.C. § 1446(a), Defendants will file copies of any additional records and proceedings in the State Court Action.

WHEREFORE, Defendants file this Notice of Removal and removes the civil action to the United States District Court for the Western District of Texas, Midland Division.

DATED: September 2, 2025.   Respectfully submitted,

*/s/ Joel S. Allen*
Joel S. Allen
Texas Bar No.  (T
jallen@mcguirewoods.com
Cory R. Ford
Texas Bar No. 24121098
cford@mcguirewoods.com
**MCGUIREWOODS LLP**
2601 Olive Street, Ste. 2100
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile:  214.932.6499

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2025, a true and correct copy of the foregoing was served via the Court's electronic filing and notification system and by Certified Mail, Return Receipt Requested, as follows:

Thomas J Duncan
Plaintiff, Pro Se
1212 E Wadley Ave Apt 223
Midland, Tx 79705

*/s/ Joel S. Allen*
Joel S. Allen