IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| THOMAS J. DUNCAN,<br>*Plaintiff*,<br><br>v.<br><br>GRIDHAWK, LLC and LINEQUEST,<br>LLC,<br>*Defendants*. | §<br>§<br>§<br>§     MO:25-CV-00394-DC-RCG<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Thomas J. Duncan's ("Plaintiff") Motion to Remand. (Doc. 4).[1] This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefing and the relevant law, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **DENIED**. (Doc. 4).

### I.   BACKGROUND

On July 22, 2025, Plaintiff filed this action in the 142nd District Court of Midland County, Texas, against Defendants GridHawk, LLC and LineQuest, LLC ("Defendants") for retaliation, negligence, and related claims arising from workplace incidents. (Doc. 1-3). Plaintiff amended his Petition the following day, adding additional claims and seeking further damages. (Doc. 1-4). On September 2, 2025, Defendants filed a Notice of Removal, asserting Plaintiff's Amended Petition raised a federal question. (Doc. 1 at 3). Plaintiff filed a Motion to Remand arguing removal was improper because he "does not bring any claims under federal law." (Doc.

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

4). Defendants have filed a Response in opposition. (Doc. 5). Consequently, the instant matter is ripe for disposition.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A federal court therefore "cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 83 F.3d 244, 248 (5th Cir. 1996). As a result, a defendant may only remove a case if the district court has original jurisdiction through either diversity of citizenship or existence of a federal question. *WMS, LLC v. Allied Prop. & Cas. Ins.*, 244 F. Supp. 3d 567, 570 (W.D. Tex. 2017). If removed, however, a party may move to remand. *Hill Country Villas Townhome Owners' Assoc., Inc. v. Everest Indem. Ins.*, No. 19-CV-0936, 2020 WL 373375, at *2 (W.D. Tex. Jan. 23, 2020) (citing 28 U.S.C. § 1447(c)). On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

"On a motion to remand, the removing party bears the burden of establishing that one of the bases of [federal] jurisdiction exists, and that the removal was not procedurally defective." *WMS*, 244 F. Supp. 3d at 570. To establish federal question jurisdiction, a plaintiff's complaint must present a claim that arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question exists "only [in] those cases in which a

well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). Any doubt as to whether removal was proper should be resolved in favor of remand. *WMS*, 244 F. Supp. 3d at 570; *Villalobos v. Hudson Ins.*, No. 22-CV-00010, 2022 WL 4594029, at *3 (W.D. Tex. Sept 29, 2022) (citing 28 U.S.C. § 1447(c)).

### III.  DISCUSSION

Plaintiff's Amended Petition alleges Defendants retaliated against him for reporting a workplace safety hazard to OSHA, stating such retaliation violated "federal whistleblower protections." (Doc. 1-4). Defendants removed this action based on federal question jurisdiction, contending this language invokes the anti-retaliation provision of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 660(c). (Doc. 1). Plaintiff now moves to remand, asserting his claims arise solely under state law. (Doc. 4).

A defendant may remove a civil action properly filed in state court only if this court would have had original jurisdiction in the case. 28 U.S.C. § 1441(a). Original "federal question" jurisdiction exists only if the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The task of determining the existence or nonexistence of a federal question in a particular case always begins with the time honored "well-pleaded complaint" rule. *Louisville and Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). The plaintiff is the master of his claim and may choose to assert only claims arising under state law, foregoing other theories of recovery which might be federal in nature. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 (1986); *Carpenter*, 44 F.3d at 366. If a plaintiff's pleadings exclusively rely on state

law, he can avoid removal by the defendant. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 (1987); *Carpenter*, 44 F.3d at 367.

In the instant case, Plaintiff's Amended Petition expressly alleges retaliation "in violation of . . . federal whistleblower protections" based on his OSHA safety complaint. (Doc. 1-4). The court in *Haddix v. CentraSol, LLC*, treated nearly identical allegations as sufficiently invoking § 660(c). *See Haddix v. CentraSol, LLC*, No. 20-CV-1995, 2021 WL 3476811, at *4 (N.D. Tex. July 21, 2021), *R. & R. adopted*, 2021 WL 3475562 (N.D. Tex. Aug. 6, 2021) (construing the plaintiff's allegation of retaliation "in violation of State and Federal Laws" as asserting an OSHA retaliation claim under § 660(c)). Although Plaintiff now asserts he did not intend to raise a federal cause of action, jurisdiction must be determined from the face of the complaint as it existed at the time of removal. *See Pidgeon v. Parker*, 46 F. Supp. 3d. 692, 697 (S.D. Tex. 2014) ("To determine whether federal jurisdiction exists, the court looks to the record in the state court at the time of removal."). In doing so, the Court also recognizes its obligation to construe *pro se* pleadings liberally. *See United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014). And while § 660(c) itself does not create a private right of action, courts have held its invocation nonetheless presents a federal question sufficient to establish subject-matter jurisdiction. *See Haddix*, 2021 WL 3476811, at *2; *Valdez v. Joy Techs.*, 29 F.3d 623, 623 (5th Cir. 1994) (per curiam). Because Plaintiff's Complaint expressly alleges retaliation in violation of federal whistleblower protections, it raises a federal question and supports removal by Defendants.

## IV.   RECOMMENDATION

In accordance with the discussion above, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **DENIED**. (Doc. 4).

SIGNED this 17th day of November, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party *has not been served* by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).