**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **THOMAS DUNCAN,** *Plaintiff,* | § § § § | |
| **v.** | § § § | **MO:25-CV-00394-DC** |
| **GRIDHAWK, LLC and LINEQUEST, LLC,** *Defendants.* | § § § § | |

## ORDER REJECTING REPORT AND RECOMMENDATION

Before the Court is the report and recommendation from United States Magistrate Judge Ronald C. Griffin (Doc. 7) concerning *pro se* Plaintiff Thomas J. Duncan's Motion to Remand. (Doc. 4). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Magistrate Judge Griffin issued his report and recommendation on November 17, 2025, recommending that the motion to remand be denied. Plaintiff then timely filed objections (Doc. 8), though for the reasons discussed below, those objections are **STRUCK**. Nonetheless, having reviewed the relevant case law, the Court **DECLINES** to adopt the report. As a result, the motion to remand is **GRANTED**.

### I. Background

At this stage, the Court takes Plaintiff's allegations as true.

Plaintiff says his troubles started on a blistering day at a West Texas field site. While working outside that day, he and others were denied access to drinking water. He suffered heat-related dehydration requiring emergency medical treatment.

That injury was only the beginning. Following the water incident and allegedly in retaliation for Plaintiff's decision to report the incident to the Occupational Safety and Health Administration (OSHA), Defendants filed a workers' compensation claim absent Plaintiff's knowledge or consent to obtain money via insurance fraud. When other employees found out about the claim and the complaint, they sent mocking messages in the company chat about "staying hydrated"—jokes Plaintiff believes amount to retaliation.

Plaintiff sued in state court in Midland County, Texas, asserting retaliation, negligence, and related claims arising out of these events. He later filed an "Amended Original Petition – Additional Claims," which alleges, among other things, violations of "applicable state and federal whistleblower protections."

Defendants seized on that allegation and removed the case to this Court, invoking federal-question jurisdiction. Plaintiff then moved to remand. He now insists he never meant to assert a federal claim and that his reference to federal whistleblower protections was "part of the factual background." He claims this even though it appears in the causes of action section of his complaint titled "Cause of Action – Retaliation." Defendants, of course, oppose the remand.

In his report and recommendation considering the motion to remand, Magistrate Judge Griffin recommended denying the motion. He recognized that the likely applicable federal law,[1] 29 U.S.C. § 660(c), does not create a private action. Yet he nonetheless concluded that a federal question had been raised. In support, he cited *Valdez v. Joy Techs.*, 29 F.3d 623 (5th Cir. 1994) and *Haddix v. CentraSol, LLC*, No. 3:20-CV-1995-X-BT, 2021 WL

---

[1] Plaintiff's complaint does not include any specific statutes; he just highlights "state and federal whistleblower protections."

3476811, at *2 (N.D. Tex. July 21, 2021), *report and recommendation adopted*, No. 3:20-CV-1995-X-BT, 2021 WL 3475562 (N.D. Tex. Aug. 6, 2021), neither of which support that conclusion.[2]

Plaintiff then filed timely objections. In his objections, he claims correctly that there is no federal question jurisdiction where the only federal law raised provides no private right of action. But in support of that argument, he cites two cases that do not exist and one that does not include the quotation he claims.[3] His second argument directly contradicts the facts. He claims that his mention of federal law was not included in any count in the complaint. It was, however, clearly listed in the second count for retaliation in his amended petition. All of these errors are clear hallmarks of AI.

## II.    Legal Standard

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate judge's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

---

[2] *Haddix* and *Valdez* both dismissed claims for lack of a private right of action under Federal Rule of Civil Procedure 12(b)(6).

[3] "Valdez v. Joy Techs., 201 F.3d 447 (5th Cir. 2000) (per curiam)" is not a real case. "Taylor v. Brighton Corp., 616 F.2d 256, 258 (5th Cir. 1980)" does exist but does not include the quotation "OSHA does not create a private cause of action" (though it does include a similar proposition). Finally, "*Cunningham v. Kansas City S. Ry. Co., 2005 WL 2033364, at 3 (S.D. Tex. 2005)" also does not exist.

### III.    Discussion

For the reasons discussed above, Plaintiff's AI-drafted objections are clear violations of Federal Rule of Civil Procedure 11. Plaintiffs, even those proceeding *pro se*, are duty-bound to check and certify that all factual contentions and statements of law are warranted and nonfrivolous. Fed. R. Civ. P. 11. Not only does Plaintiff cite non-existing caselaw, but he affirmatively misrepresents his own complaint, which lists "federal whistleblower protections" in count two. As a result, this Court is well within its rights to strike the objections for failure to comply with Rule 11. *See* Fed. R. Civ. P. 11(c) (allowing sanctions for violations of Rule 11). For that reason, the Court proceeds under clear error review. But because the Court finds clear error, the report and recommendation is rejected.

Removal to federal court is available for "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A party seeking removal, or defending against a motion to remand, bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Courts must strictly construe removal statutes because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988). Any doubts as to the Court's subject matter jurisdiction should be resolved by remanding the case to state court. *Id.*

In considering whether removal jurisdiction exists, the Court must consider Plaintiff's claims as they existed at the time of removal. *See Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of

4

removal.") (*citing Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995));

*see also In re Carter,* 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law

that whether subject matter jurisdiction exists is a question answered by looking to the

complaint as it existed at the time the petition for removal was filed."). The Court must

therefore base its jurisdictional analysis on the complaint as it was filed in state court, not on

Plaintiff's characterizations of his intent behind the complaint that he has submitted to this

Court.

Following that framework, the Court sees little ambiguity in the operative pleading.

First, his reference to the "applicable state and federal whistleblower protections" appears

not in the facts section as he claims but squarely within the section dubbed "Cause of Action

– Retaliation," which sets forth the legal bases for relief. Nothing in the complaint

distinguishes the federal reference as illustrative or otherwise non-substantive. Next, though

Plaintiff did not identify a specific federal statute by citation, he did not do so for the state

retaliation claim either and he nonetheless maintains he has pled that claim. Instead, the

federal and state theories are presented in identical fashion: each is invoked in the same

count, supported by the same factual allegations, and articulated with the same level of

generality. In other words, the face of the complaint provides no principled way to treat the

federal law allegation as mere factual surplusage while treating the state law allegation as a

bona fide claim. For jurisdictional purposes then, they stand on equal footing.

The Court will therefore liberally construe Plaintiff's amended complaint as stating

(or attempting to state) a federal claim under 29 U.S.C. § 660(c) for "[d]ischarge or

discrimination against [an] employee for exercise of rights under this chapter." *Haddix*, 2021

WL 3476811, at *4 (citing 29 U.S.C. § 660(c), then citing *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (citation omitted) (stating the court has a "duty to construe pro se briefs liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney")).

Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Bernhard v. Whitney Nat. Bank,* 523 F.3d 546, 2008 WL 879038, at *3 (5th Cir. Apr. 2, 2008). A federal court may, however, sometimes exercise jurisdiction over state law actions that raise a substantial question of federal law. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916–17 (5th Cir. 2001). To determine whether a state-law claim raises a substantial question of federal law, the removing party must show: "(1) a federal right is an essential element of [plaintiff's] state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Id.* at 918.

Where the federal statute does not create a private cause of action, however, the exercise of federal jurisdiction based on the substantial federal question exception is often inappropriate. *See Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 812–17 (1986); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1169 (5th Cir. 1988); *Burton v. Southwood Door Co., MEA, Inc.,* 305 F.Supp.2d 629, 633–36 (S.D. Miss. 2003). The Supreme Court has clarified that the absence of a federal private right of action does not always preclude the exercise of jurisdiction but is evidence of "a missing welcome mat." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 318 (2005) (noting that the absence of a federal private

6

right of action is "relevant to, but not dispositive of the 'sensitive judgments about congressional intent' that § 1331 requires"). In most cases, that "no welcome mat mean[s] keep out." *Id.* at 318–19 (citing *Merrell Dow,* 478 U.S. at 811–12).

As a result, Plaintiff's federal retaliation claim does not fall into the "substantial federal question" exception to the well-pleaded complaint rule. The parties agree, and the Fifth Circuit has repeatedly held, that "there is no private cause of action under federal law for a private employer's retaliatory discharge of an employee contrary to section 11(c) [of OSHA]," codified at 29 U.S.C. § 660(c). *George v. Aztec Rental Ctr. Inc.*, 763 F.2d 184, 186 (5th Cir. 1985); *see also Longhorn Integrity Inspection Servs., LLC v. McCurdy*, 738 F. App'x 273, 274 (5th Cir. 2018) (per curiam) (citing *George*, 763 F.2d at 186) ("Lastly, as to McCurdy's purported wrongful discharge action under OSHA, we agree with the district court that there is no private right of action under OSHA's retaliatory discharge provision, 29 U.S.C. § 660(c).")). And because there is no federal private cause of action under § 660(c), Plaintiff's claim "does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow*, 478 U.S. at 817; *see also Brock v. Provident America Ins. Co.,* 144 F.Supp.2d 652, 657 (N.D. Tex. 2001) (noting that lack of private remedy is "the end of the issue, and has been since the Supreme Court decided *Merrell Dow*"); *Willy,* 855 F.2d at 1169 (recognizing "minimum requirement that the federal statutes involved provide a private, federal remedy" for removal); *Rodriguez v. Shell Oil Co.,* 818 F. Supp. 1013, 1017 n. 7 (S.D. Tex. 1993) (holding that "a claim alleging a violation of a federal statute is not removable to federal court if no private right of action exists under the federal statute") (citing *Merrell Dow*, 478 U.S. at 817); *Burton*, 305 F. Supp. 2d at 633–34 (same); *American Well Works Co. v. Layne*

*& Bowler Co.,* 241 U.S. 257 (1916) (a "suit arises under the law that creates the cause of action.")

   "That is the end of the issue, and has been since the Supreme Court decided *Merrell Dow*," where it noted that: "The significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated." *Brock*, 144 F. Supp. 2d at 657; *Merrell Dow,* 478 U.S. at 812. Simply put, nothing anchors this case in federal court.

## IV.    Conclusion

Plaintiff's objections (Doc. 8) are **STRUCK** for violation of Rule 11. The R&R is **REJECTED** (Doc. 7). And Plaintiff's motion to remand (Doc. 4) is hereby **GRANTED.**

It is hereby **ORDERED** that this matter is **REMANDED** to the 142nd District Court of Midland County, Texas, for lack of jurisdiction.

It is so **ORDERED**.

SIGNED this 6th day of December, 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE